UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TERRY LYNN COOK** | **CIVIL ACTION NO. 15-0107-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **CAROLYN SARTIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Terry Lynn Cook ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 21, 2015. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He claims his civil rights were violated during his criminal trial proceedings. Plaintiff names attorney Carolyn Sartin, attorney Allen Golden, and the Caddo Parish Public Defender's Office as defendants.

Plaintiff claims attorney Carolyn Sartin provided him with ineffective assistance of counsel. He claims she has not worked on his case, has not kept him updated, has failed to listen to him, lies to him, and told him that he was going to serve time without first reviewing his case. Plaintiff claims he has written Carolyn Sartin and Allen Golden, the head of the Caddo Parish Public Defender's Office, but has not received a reply.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Attorneys Carolyn Sartin and Allen J. Golden**

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra). Accordingly, Plaintiff's civil rights claims against Carolyn Sartin and Allen J. Golden should be dismissed as frivolous.

**Caddo Parish Public Defender's Office and Allen Golden**

Plaintiff claims Allen Golden failed to respond to his correspondence. 42 U.S.C. § 1983 will not support a claim based on a <u>respondent</u> <u>superior</u> theory of liability. See <u>Mouille v. City of Live Oak</u>, 977 F.2d 924 (5th Cir. 1992), <u>cert. denied</u>, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); <u>Jennings v. Joshua Independent School District</u>, 877 F.2d 313 (5th Cir. 1989), <u>cert. denied</u>, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). Accordingly, Plaintiff's civil rights claims against the Caddo Parish Public Defender's Office and Allen Golden should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in forma pauperis</u>, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an <u>in forma pauperis</u> (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 22nd day of June 2015.

Mark L. Hornsby
U.S. Magistrate Judge